UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 10-40043-01 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER |
| WESLEY WAYNE AUSTIN, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is a Motion for Modification of Sentence/Supervised Release filed by Defendant Wesley Austin. (Doc. 205). For the reasons which follow, Defendant's Motion is denied.

**FACTS**

Defendant Austin pleaded guilty in 2011 to one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 371, 1343, and 1349. His plea agreement was submitted pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and called for the imposition of a sentence of 132 months, described in the plea agreement as "a period of incarceration…as part of defendant's sentence." (Doc. 134). The agreement also explained supervised release (*id.* at § C.) and restitution (*id.* at § G2). During the plea colloquy, the Court explained supervised release at length, and the Defendant acknowledged that supervised release of two or three years was authorized for his offenses (Doc. 162, pp. 14-16). At sentencing, the Court recognized that a plea agreement under Rule 11(c)(1)(C) requires the Court to impose the agreed-upon period of incarceration, and the Court did so. (Doc. 160, p. 18). The Court also imposed a sentence of restitution amounting to $848,909.48. The Court ordered three years of supervised release (Doc. 160), and explained the conditions of supervised release at length. (*Id.,* pp.20-23). There was no objection to the sentence imposed, and no appeal or postconviction action challenged the sentence.

Defendant was released from prison and began his period of supervised release in 2019. His current Motion for Modification of Sentence/Supervised Release requests that all conditions of his

supervised release other than payment of restitution be eliminated, and raises several arguments in support. (Doc. 205). Defendant challenges the power of the Court to order a term of supervised release in the context of his plea agreement, argues a Motion to Modify under 18 U.S.C. § 3583(e) is an appropriate vehicle to raise such a Motion, and argues on the merits that his Motion should be granted. The Court will address each argument in turn.

## ARGUMENTS

**1.    The imposition of a period of Supervised Release did not contradict the terms of the plea agreement**

As noted by defense counsel (Doc. 205), the plea agreement in this case was reached after lengthy negotiations. Its terms included a specified sentence of incarceration of 132 months, and other specific terms, including for example, that the Government would not prosecute certain people who were alleged to be co-conspirators with Defendant. (Doc. 134, § H). The agreement also anticipated that restitution would be ordered, and although an amount was not specified in the plea agreement, the Court imposed a penalty of restitution in the amount of $848,909.48. (Doc. 152). Furthermore, the agreement explained the meaning of "supervised release" in the context of authorized sentences for defendant's offenses, (Doc. 134, § C), and made reference to the Sentencing Guidelines as controlling certain outcomes with respect to the plea of guilty (Doc. 134, §§ E1, E2). As noted above, the Court discussed supervised release with the Defendant at length during the change of plea hearing and sentencing.

The Sentencing Guidelines implement 18 U.S.C. § 3583(a), which provides that the Court may impose a term of supervised release when sentencing for a felony. The Guidelines address supervised release at USSG § 5D1.1(a) as follows: "The court *shall* order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute." All parties agree that no statute required that a period of supervised release be imposed on the Defendant, so the applicable provision is the default of imposition of supervised release when a sentence of "imprisonment of more than one year is imposed." As defense counsel noted in his argument, (Doc. 205), *United States v. Booker*, 543 U.S.220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005) has rendered the Sentencing Guidelines advisory. Although the Guidelines are not mandatory, they should not be disregarded by the Court or counsel. As the

Supreme Court noted in *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), "…even though the Guidelines are advisory rather than mandatory, they are…the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." Further, according to *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007), a sentence imposed using the Guidelines provisions "…will usually be reasonable, because it reflects both the Commission's and the sentencing court's judgment as to what is an appropriate sentence for a given offender." In this case, then, imposition of a sentence of supervised release of three years comports with the provisions of the Guidelines and the judgment of the sentencing Court.

The plea agreement did not curtail the Court's power to impose a period of supervised release. The agreement states that 132 months would be the "incarceration ordered by the Court as part of defendant's sentencing." (Doc. 134, § F). The plea agreement did not foreclose imposition of a period of supervised release, and supervised release would be expected to accompany the 132-month period of incarceration in accordance with USSG § 5D1.1(a). It is evident the parties anticipated the imposition of a period of supervised release, given the lack of contemporaneous objection or correction, and lack of an appeal or postconviction proceeding raising the issue. The defendant did appeal another issue subsequent to his sentencing, (Doc. 175), but did not raise the issue of supervised release. Therefore, the Court concludes the plea agreement did not foreclose imposition of a period of supervised release.

### 2.     A Motion under 18 U.S.C. § 3583(e) is not the proper avenue for challenging the supervised release conditions imposed in 2011

18 U.S.C. § 3585(e) authorizes a court to modify conditions of supervised release after considering designated factors, as well as the conduct of the defendant and the interests of justice. Although the Court of Appeals for the Eighth Circuit has not ruled on the procedures available to a defendant pursuing relief under § 3583(e), it has provided guidance on the avenues available to attack the supervised-release provisions of a sentence. In *United States v. Miller*, 557 F.3d 910 (8th Cir. 2009), the defendant challenged two provisions of his supervised release, based on his violation of those conditions which resulted in the effort to revoke them. The court rejected the defendant's challenge, stating the defendant "…did not raise any objection to the conditions of his supervised

3

release at the time they were imposed or at any time prior to the filing of the petition for revocation." *Id.* at 913. The court continued with the admonition that a defendant "…may challenge the validity of his underlying conviction and sentence through a direct appeal or a habeas corpus proceeding, not through a collateral attack," *Id.* In *Miller*, the defendant was unsuccessful in endeavoring to challenge the conditions of supervised release in a supervised-release revocation proceeding. *Id.*

Despite the Eighth Circuit's not having specifically foreclosed use of a Motion under 18 U.S.C. § 3583(e) to challenge conditions of supervised release, other federal courts have done so. For example, in *United States v. McLeod*, 972 F.3d 637 (4th Cir. 2020), the court denied relief to a defendant who was sentenced to imprisonment for various offenses involving prostitution, and as a condition of his supervised release, was required to register as a sex offender. After his release from prison, he brought a Motion under 18 U.S.C. § 3583(e) challenging the condition as illegal and requesting modification. He argued he did not qualify as a sex offender because the underlying offense involved consenting adults. *Id.* at 639. The court declined to consider his challenge, and citing extensive authority, explained that courts tend to reject Motions under § 3583(e) on either or both of two grounds. One rationale is that challenging supervised release as "illegal" is not one of the permissible grounds for relief under that section. *id.* at 642, although some courts disagree with this conclusion. *Id.* The second is "that permitting a challenge to the legality of a condition of supervised release would undermine the overall 'scheme of appellate and collateral review' established by Congress." *Id*. The court determined that allowing an "end run" around the detailed provisions established by Congress for challenging a sentence would result from entertaining petitions under § 3583(e) under the defendant's circumstances. *Id.*

The Defendant argues that the authority considered by the court in *McLeod* has been undermined in the Eighth Circuit by *United States v. Bell*, 915 F.3d 574 (8th Cir. 2019), where defendant challenged conditions of supervised release that he abstain from alcohol and be subject to a curfew. He objected at sentencing and appealed on this issue, despite the plea agreement's limitations on his right to appeal. The Eighth Circuit determined his appeal was based on a sentence "other than" what was in his plea agreement because those special conditions were not set out in the agreement. Therefore, his challenge was not within the scope of his waiver of appeal. *Id.* at 577. The court also determined the conditions imposed were an abuse of discretion by the trial judge, who had failed to make an individualized assessment of the appropriateness of these conditions for the

defendant. *Id.* at 577-78.

The defendant argues *Bell* is now the change in legal conditions that § 3583(e) might allow as the basis for a motion under that section even if a timely challenge was not made. (Doc. 212). *Bell* is distinguishable on its facts from defendant's situation, and in any event does not constitute the revision of the appellate and postconviction processes that Defendant urges. In this case, the Defendant did not object at sentencing to the term of supervised release; he did not appeal the term; he did not file for postconviction relief on this issue. His dissatisfaction with supervised release is not a change in the law, regardless of whether such a change would be a permissible basis for modification under 18 U.S.C. § 3583(e). See generally *McLeod,* 972 F.3d at 644 (noting the text of § 3583(e) does not prohibit a court from considering changed legal circumstances in addressing a Motion for Modification).

### 3.     On the merits, the Defendant's period of supervised release should not be modified

Modification of a term of supervised released is authorized under 18 U.S.C. § 3583(e), which directs the court to consider factors summarized by the Fourth Circuit as follows: "…the circumstances of the crime; the history and characteristics of the defendant; the need for deterrence; protection of the public; provision of educational or vocational training, medical care, or other treatment; the kinds of sentence and the sentencing range established by the Sentencing Commission and Congress; the relevant policy statements of the U.S. Sentencing Commission; the need to avoid disparities among defendants with similar records and similar conduct of guilt; and the need to provide restitution to the victim." *McLeod*, 972 F.3d at 639.

In applying these factors, the Court notes Defendant was sentenced to 132 months in prison after his plea of guilty to violating 18 U.S.C. §§ 371, 1343, and 1349. During his plea colloquy, (Doc. 162), he acknowledged commission of fraud which garnered a restitution order of $848,909.48 and involved numerous named victims. (Doc. 152). The Government established that at least eight victims were defrauded by Defendant and his two accomplices. (*Id*.) Defendant committed these offenses over a period of time, and began his schemes while on a period of supervised release from a prior federal conviction in 2001 and on probation for a state conviction, both of which involved fraud. (Doc. 211). At sentencing, the Court expressed skepticism about

Defendant's remorse, and did not recognize that he had accepted responsibility for his crimes. (Doc. 160, p.10). The Court stated the applicable Guideline range was 188-235 months (*id.*, p. 9), but because the plea agreement was governed by Rule 11(c)(1)(C), the Court could impose a sentence of only the lesser amount of 132 months. The Court expressed concern that the Defendant could offend in the future and also expressed its hope that Defendant would not do so. (Doc. 160, p. 18).

Defendant has submitted letters from two employers attesting to his current work performance (Doc. 205), which the Court recognizes as a positive accomplishment and has considered.

Given the Defendant's criminal history, including his commission of crimes involving fraud while on supervised release for similar crimes; the nature of defendant's offenses; the need for protection of the public; the sentencing range and sentence agreed to under Rule 11(c)(1)(C); the magnitude of fraud and harm to the victims; evidence of the Defendant's current conduct; the interests of justice; and all other factors presented to the court in the context of this Motion, the Court denies Defendant's Motion to Modify Sentence/Supervised Release Conditions.

Accordingly,

IT IS ORDERED that Defendant's Motion for Modification of Sentence/Supervised Release, Doc. 205, is denied.

Dated this 12th day of May, 2021.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

/s/ Matthew Thelen